UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GLORY ANNA JOHNSON,

    Plaintiff,

 v.                                                   Case No. 22-CV-1024

JOHN DOE, and
JANE DOE

    Defendant.

### ORDER SCREENING THE AMENDED COMPLAINT

On September 6, 2022, plaintiff Glory Anna Johnson who is representing herself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendant violated her constitutional rights. (ECF No. 1.) On March 7, 2023, the court screened her complaint and found it failed to state a claim upon which relief may be granted; however the court gave Johnson an opportunity to amend her complaint. (ECF No. 11.) On March 24, 2023, Johnson filed an amended complaint. (ECF No. 12.)

### SCREENING THE AMENDED COMPLAINT

*Federal Screening Standard*

The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28

U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent

standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Johnson's Allegations*

Johnson alleges that while incarcerated at the Shawno County Jail, she suffered a cracked and infected tooth. (ECF No. 12 at 2.) She asked a guard, identified as John Doe, for immediate medical attention. (*Id.*) He required her to make a Health Services Request via the kiosk, which had a 24-48 hour response time. (*Id.*) After three days, she saw a nurse, identified as Jane Doe, and was placed on a seven day course of antibiotic. (*Id.* at 3) After she finished the antibiotic, she saw Nurse Doe again and requested to see a dentist. (*Id.*) Nurse Doe informed her that she could not see a dentist and other than another round of antibiotics, there was nothing she could do to treat Johnson's infected tooth. (*Id.*)

*Analysis*

Johnson claims that the Doe defendants violated her rights when they refused to provide adequate medical care for her infected tooth. It is unclear from the amended complaint whether Johnson was a pretrial detainee at the time. If she was a pretrial detainee, her rights arise out of the Fourteenth Amendment's Due Process Clause; if she was a convicted prisoner, her rights arise out of the Eighth Amendment. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 350-51 (7th Cir. 2018) (explaining that an objective reasonableness standard applies to claims brought by pretrial detainees while a deliberate indifference standard applies to claims brought by prisoners). The court need not determine whether the plaintiff was a pretrial

3

detainee or a convicted prisoner at this time, however, because the Eighth Amendment standard is the more stringent one. The court will analyze her claims under that standard.

A prison official violates the Eighth Amendment where he is deliberately indifferent "to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "To state a cause of action, a plaintiff must show (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008). "A medical need is sufficiently serious if the plaintiff's condition 'has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Roe v. Elyea,* 631 F.3d 843 857 (7th Cir. 2011) (quoting *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005)). The condition does not need to be life-threatening to be serious; it needs only to be "a condition that would result in further significant injury or unnecessary and wanton infliction of pain" if not addressed. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

A plaintiff must allege "that an official *actually* knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original). The plaintiff also "must show more than mere evidence of malpractice." *Id.* The plaintiff must show that the prison official's choices "were so 'significant a departure from accepted professional standards or practices' that it is questionable whether they actually exercised professional judgment*." Stallings v.*

4

*Liping Zhang*, 607 Fed. Appx. 591, 593 (7th Cir. 2015) (quoting *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014)). These choices include where a prison official fails to act or do anything to address the serious medical need. *See Gayton*, 593 F.3d at 623-624 (reversing summary judgment in favor of a nurse who refused to examine or treat a vomiting inmate). They also include where an official delays necessary treatment, aggravating a condition or needlessly prolonging a plaintiff's pain. *Gomez v. Randle*, 680 F.3d 859, 865-66 (7th Cir. 2012).

A dental condition such as a cracked tooth is an objectively serious medical condition as "[d]ental care is one of the most important needs of inmates." *Hoeft v. Menos*, 347 Fed. App'x 225, 227 (7th Cir. 2009). At this stage, Johnson sufficiently alleges that both Doe defendants were deliberately indifferent to her infected tooth. Regarding the John Doe guard, the Seventh Circuit Court of Appeals has acknowledged that infected teeth can pose life-threatening dangers to a person and may require immediate treatment. *See Dobbey v. Mitchell-Lawshea*, 806 F.3d 938, 940 (7th Cir. 2015). As such, Johnson states a claim against John Doe because she implicitly alleges that her infected tooth was emergent. As for Nurse Jane Doe, Johnson sufficiently alleges that she was deliberately indifferent to her tooth when she refused to provide any additional treatment other than antibiotics.

Because Johnson does not know the names of the Doe defendants, the court will add Troy Beyer, the Shawno County Jail Administrator, as a defendant for the limited purpose of helping Johnson identify the names of the Doe defendants. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). The court

will order the Marshals to serve Beyer with Johnson's amended complaint and a copy of this order. Beyer does not have to respond to the amended complaint. After Beyer's lawyer files an appearance in this case, Johnson may serve discovery upon Beyer (by mailing it to his attorney at the address in his notice of appearance) to get information that will help her identify the names of the defendants.

For example, Johnson may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Johnson does not state a claim against Beyer, her discovery requests must be limited to information or documents that will help her learn the real names of the defendants she is suing. Johnson may not ask Beyer about any other topic, and Beyer is under no obligation to respond to requests about any other topic.

After Johnson learns the names of the people she alleges violated her constitutional rights, she must file a motion identifying their names so the court may replace the John and Jane Doe placeholders. The court will dismiss Beyer as a defendant once Johnson identifies the defendants' names. After the defendants have an opportunity to respond to Johnson's amended complaint, the court will set a deadline for discovery. At that point, Johnson may use discovery to get the information she believes she needs to prove her claims.

Johnson must identify the names of the Doe defendants within 60 days of Beyer's attorney appearing. If she does not or does not explain to the court why she is unable to do so, the court may dismiss her case based on his failure to diligently pursue it. Civil L. R. 41(c).

**THEREFORE, IT IS ORDERED** that the United States Marshal to serve a copy of the amended complaint and this order on Troy Beyer, Shawno County Jail Administrator, under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Beyer does not have to respond to Johnson's amended complaint; however, he must respond to Johnson's discovery requests as described in this order.

**IT IS FURTHER ORDERED** that Johnson must identify the real names of the Doe defendants within 60 days of Beyer appearing in the case. If she does not, or does not explain to the court why she is unable to identify their real names, the court may dismiss this case based on failure to diligently pursue it. Civil L.R. 41(c). Johnson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Johnson is reminded that it is her responsibility to promptly notify the court if she is released from custody or

transferred to a different institution. Johnson' failure to keep the court advised of her whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 15th day of May, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge